208 A.2d 397.

MARGARET C. ALMEIDA *vs.* MANUEL J. MELLO, *Adm'r.*

MARCH 24, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J.  This is an action of assumpsit for personal services alleged to have been performed by the plaintiff for the defendant's decedent, her father-in-law, while living in his home for which it is alleged both expected decedent would pay.  The case was tried to a justice of the superior court without a jury and resulted in a decision for the defendant.  It is here on the plaintiff's bill of exceptions to the decision and to numerous evidentiary rulings.  However, she has briefed and argued only two of the latter exceptions and the exception to the decision.  The other exceptions having been neither briefed nor argued are deemed to be waived. *King* v. *King-McLeod-Fraser, Inc.*, 98 R. I. 226, 200 A.2d 705.

The plaintiff has identified each exception by a letter of the alphabet instead of by a numeral as is the usual practice.  While she loses nothing by this innovation we would prefer that the customary method of identifying exceptions

numerically be followed. The three exceptions which have been briefed and argued are identified in the bill as exceptions O, D and E. Exception O is to the decision and D and E to evidentiary rulings.

In support of exception O plaintiff contends that the trial justice misconceived the law and erred in his "assumptions from the facts," meaning as we understand her in his weighing of the evidence and drawing inferences therefrom. In his decision the trial justice discussed the evidence and pointed out specific instances where it failed of the required probative force to prove plaintiff's claim. He held that where a claim is made against a decedent's estate for compensation for personal services rendered to the decedent the law made it incumbent upon the claimant to prove by clear and convincing evidence that the services were rendered with the expectation by both parties at such time that the decedent would pay for the same. He also held that where the claimant was a member of the decedent's household the law presumed the services were motivated by love and affection and were therefore gratuitous in the absence of clear and convincing evidence to the contrary. Applying this principle to plaintiff's evidence he found there was a strong presumption that such services, which were very little, were rendered to the decedent out of love and affection by his daughter-in-law who was living in his household rent free.

The plaintiff argues that the trial justice erred in applying this presumption. She cites *Chapman* v. *Industrial Trust Co.*, 43 R. I. 544, apparently for the proposition that the presumption is not applicable to a daughter-in-law because in the opinion in that case the court observed, "The plaintiff was not a daughter but a daughter-in-law." That statement was not a holding that the presumption was not applicable. It was made in the course of the court's consideration of an exception to the trial court's denial of a

motion for a directed verdict. In overruling the exception this court pointed out certain evidence contrary to the presumption which necessitated submitting the case to the jury, and in that connection observed that the plaintiff was not the daughter of the decedent. Prior to that discussion the court commented on the presumption in question and quoted from the following cases: *Newell* v. *Lawton*, 20 R. I. 307; *Brown* v. *Cummings*, 27 R. I. 369; *Fuller* v. *Mowry*, 18 R. I. 424; *White* v. *Almy*, 34 R. I. 29. In none of those cases was the presumption limited as plaintiff here contends.

In *Newell* it is referred to as arising where services were rendered by one of the "members of the same household * * *." In *Brown* the action was brought by a stepdaughter. The court said that the presumption arose where the services were rendered between members of the same family. In *Fuller* it was stated to apply to members of the same household. In *White* the presumption was considered where a son-in-law sought compensation for services rendered to his mother-in-law living in his household.

We find no merit in plaintiff's contention that in the case at bar the trial justice erred in his consideration of the presumption. It should be noted that he did not hold plaintiff was precluded from recovery because of such presumption. What he did was to weigh the evidence and determine whether it overcame the presumption. In other words he treated the matter as an issue of fact which if there had been a jury would have been submitted to them for determination. This is what was approved in *Chapman* and *Fuller*. In *Brown* a new trial was granted because the issue was not submitted to a jury. But in *Newell* a nonsuit was upheld because there was no evidence *contra* the presumption which would raise a jury question.

Under exception O plaintiff also contends that the decision is against the weight of the evidence. Because plain-

tiff has failed to comply with a portion of Rule 15 of the Rules of the Supreme Court we have been forced in considering this contention to read the entire transcript to ascertain what evidence if any was overlooked or not given its proper weight by the trial justice. That portion of the rule is as follows: "In cases where it may be necessary for the court to go into an examination of the evidence, the party shall specify in his brief the leading facts which he deems established by the evidence, with a reference to the pages where the evidence of such facts may be found, which references will be relied upon by the court in its consideration of such facts."

We are frank to say that this requirement has been honored by counsel for the most part more in the breach than in the observance. But the time has now come when we must insist upon its observance. The obvious purpose of the rule is to save the court's time and relieve it of the burden of reading the entire transcript which is often of a voluminous nature. Moreover it is in the interest of the party who questions the findings of the trial justice to pinpoint as it were the particular portions of the evidence which it is claimed he did not regard or to which he failed to give due weight in reaching his decision.

In urging an exception on this ground plaintiff assumes the burden of showing that the trial justice's findings of fact are clearly wrong. "[W]here the parties submit a case on the facts to a trial justice sitting without a jury, his decision thereon will be given great weight and will not be set aside unless it is clearly wrong or fails to do substantial justice between the parties." *Superior Glass Co.* v. *East Greenwich Savings Fund & Loan Ass'n,* 92 R. I. 409, 414.

From our perusal of the entire transcript we have been unable to find any important evidence in plaintiff's favor which the trial justice overlooked or any to which he did not give due weight. We note from his decision that he

has discussed the evidence at considerable length, has specified wherein it fails plaintiff in probative force, and has otherwise correctly analyzed it as lacking such force as is necessary to establish her case. In our opinion plaintiff has failed to show wherein his decision is clearly wrong.

However, under her exceptions D and E she contends that he erred in allowing testimony relative to the proceeds of a life insurance policy of which she was the beneficiary. Assuming without deciding that such testimony was irrelevant and therefore inadmissible we are nevertheless of the opinion that its admission was not prejudicial. We are unable to see how in the absence of a jury it could have affected the trial justice's consideration of the case adversely to the plaintiff. In fact his evaluation of the evidence in his decision does not indicate that this particular testimony was of any consequence in his ultimate determination of the weight of the evidence or that it was relied upon by him in deciding that the plaintiff had not sustained her burden of proof.

The plaintiff's exceptions which were briefed and argued are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Frederick A. Lawrence,* for plaintiff.

*Gilbert T. Rocha, John H. DiStefano,* for defendant.